CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 12, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **SIBLE R. HAYTH,** | ) |
| | ) |
| **Plaintiff,** | ) Civil Action No. 7:23-cv-757 |
| | ) |
| v. | ) |
| | ) |
| **VA VETERANS CARE CENTER,** *et al.*, | ) |
| | ) **By: Hon. Robert S. Ballou** |
| | ) **United States District Judge** |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Plaintiff, Sible Hayth, proceeding pro se, brings this case against the Virginia Veterans Care Center, Cheri Lankford, and Patricia Wood, for claims of "Denial of Insurane [sic] benefits," "Double-Billing," and "Double Payment." Dkt. 6 at 4. The case is presently before the Court on Defendants' Motion to Dismiss contending this court lacks subject matter jurisdiction and Hayth has failed to state a claim upon which relief can be granted. Dkt. 11. Defendants also contend Hayth's claims in federal court are barred by the doctrine of sovereign immunity. I **GRANT** Defendant's Motion to Dismiss.

I. **Background**[1]

Hayth's husband, James, was a military veteran and a patient of the Virginia Veterans Care Center in Roanoke, Virginia from May 11, 2018, through his death on November 10, 2018.

---

[1] The Amended Complaint provides very little detail about not only the factual basis underlying Hayth's claim, but also the specific claim(s) she attempts to assert. *See* Dkt. 6. The original complaint, provides only slightly more detail—primarily derived from several letters attached to the Complaint which Plaintiff appears to have sent to a number of different state entities since at least 2019. *See* Dkt. 1. Because Hayth is proceeding pro se I have liberally construed the Complaint and Amended Complaint together and have accepted the facts in both for purposes of the Motion to Dismiss.

The Veterans Care Center sent Hayth a bill dated June 1, 2018, for the room and board charges for James's care from May 30–31, 2018 and for the month of June 2018. The bill showed a credit for a "VA Subsidy" and had a net balance of $5,328.00. Dkt. 1-1. Plaintiff, paid $3,996.00 by check to the Veterans Care Center, deducting from the amount owed charges for a ten-day period when James was hospitalized and not a patient at the Veterans Care Center. Dkt. 1-1.

Hayth attached to her complaint a Medicare statement showing that it paid $5,771.46 in benefits to the Veterans Care Center for 14 days of skilled nursing facility benefits from May 11, 2018, through May 25, 2018. Hayth also submitted a bill from the Veterans Care Center for the last month of James's care. The bill totaled $160,411.74 which included a prior balance of $155,131.74. Hayth has made no other payments and contends in this lawsuit that she is entitled to reimbursement of her $3,966.00 payment because the Veterans Care Center has received payment from Medicare for that amount. In their briefing on this motion, Defendants state the Veterans Care Center is not actively seeking to collect on the outstanding debt. Dkt. 11 at 2. The sole focus of Hayth's claim is on the fact she believes Medicare has paid for the care services she has paid for.

Hayth discusses in her complaint that insurance companies had denied medical expense coverage for James's care. But the only relief Hayth seeks is a "return of funds for payment period May 11-30, 2018, for care of James M. Hayth." She seeks a refund of $3,996.00. Defendants moved to dismiss this case against under Fed. R. Civ. P. 8(a)(2), 8(d)(1), 10(b), 12(b)(1), and 12(b)(6). Dkt. 11 at 1.[2] The Virginia Veterans Care Center is a section of the Virginia Department of Veterans Services, which is itself an agency of the State of Virginia. *Id.*;

---

[2] Rules 8 and 10 of the Federal Rules of Civil Procedure set forth the pleading requirements in federal court while Rule 12(b)(6) provides the motions a party may file to challenge the sufficiency of the pleadings. A party does not challenge the sufficiency or form of pleadings under Rule 8 or 10. I thus consider Defendants' arguments under Rules 12(b)(1) and 12(b)(6).

*About DVS*, Va. Dep't of Veterans Services, https://www.dvs.virginia.gov/dvs (https://perma.cc/HX5Y-BJ76). Further, Plaintiff's claims against the individuals are against state employees. Dkt. 11 at 2.

II. **Standard of Review**

 a. **12(b)(1) Motion to Dismiss**

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89 (1938).

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss an action for lack of subject-matter jurisdiction. In deciding a motion made pursuant to Federal Rule of Civil Procedure 12(b)(1), the court must ascertain whether "plaintiff's allegations standing alone and taken as true plead jurisdiction and a meritorious cause of action." *Allianz Insurance Co. of Canada v. Cho Yang Shipping Co., Ltd.,* 131 F.Supp.2d 787, 789 (E.D. Va. 2000) (quoting *Dickey v. Greene,* 729 F.2d 957, 958 (4th Cir. 1984)). The burden of establishing subject-matter jurisdiction rests upon the party which seeks to invoke the court's authority. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991), *cert. denied,* 503 U.S. 984 (1992).

"When a defendant files a Rule 12(b)(1) motion challenging subject-matter jurisdiction and relying simply on the allegations of the complaint, the court must take the jurisdictional facts alleged as true—as in the case of a motion filed under Rule 12(b)(6)—and determine, as a matter of law, whether the court has jurisdiction." *Blenheim Cap. Holdings Ltd. v. Lockheed Martin Corp.*, 53 F.4th 286, 292 (4th Cir. 2022), *cert. denied*, No. 22-886, 2024 WL 3014478 (June 17, 2024).

"In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. "A Rule 12(b)(1) motion to dismiss should be granted 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Zeigler v. Eastman Chemical Co.*, 54 F.4th 187, 194 (4th Cir. 2022) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)).

### III. Analysis

#### A. Subject-Matter Jurisdiction

A motion challenging a federal court's subject-matter jurisdiction pursuant to Rule 12(b)(1) differs from a challenge made pursuant to Rule 12(b)(6) (or Rule 56) in that it does not afford a plaintiff the benefit of all of the same procedural safeguards. *Robinson v. Dalton,* 107 F.3d 1018, 1021 (3d Cir. 1997); *Cohen v. Kurtzman,* 45 F.Supp.2d 423, 428 (D.N.J. 1999). Instead, Rule 12(b)(1) attacks the right of a plaintiff to even be heard in federal court. *Id.* That is, a court cannot dismiss a claim under 12(b)(6) without first assuming subject-matter jurisdiction; thus, a claim can be dismissed for lack of subject-matter jurisdiction or failure to state a claim, but not both. *See Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir. 1991) (holding court must assume jurisdiction over a case before deciding legal issues on the merits); *see also Spencer v. Casavilla,* 903 F.2d 171, 173 (2d Cir. 1990) (holding "even if court believes that it would dismiss the complaint in response to a motion under [12(b)(6)], that is not reason to

dismiss for lack of jurisdiction"). Accordingly, I look first at the question of subject-matter jurisdiction.

Plaintiff states no specific grounds for her cause of action. She cites no statutes, no cases, no law in any form upon which she asserts her cause of action. Instead, when prompted to provide a short and plain statement of her claim, she writes, "Denial of Insurane [sic] Benefits – Medicare – VA State Retiree Insurances VDOT Retiree sponsor – Double-Billing – Double Payment." Dkt 6 at 4. When prompted to state her requested relief, Plaintiff wrote, "Refund for – Double-Billing $4000.00."

When asked to state the basis for federal court jurisdiction, Plaintiff checked the box for federal question. However, she provided no specific federal statutes, federal treaties, or provisions of the United States Constitution that are at issue in the space provided. I am unaware of a federal statute, or some other right of action conferring federal question jurisdiction, which confers a right of action for being improperly billed for medical care by a state agency.

Plaintiff cannot properly assert diversity as a basis for jurisdiction. A federal court has jurisdiction under 28 U.S.C. § 1332 for suits between citizens of different states where the amount in controversy exceeds $75,000. Here, Hayth seeks only the amount of her payment to the Virginia Veterans Care Center—well below the jurisdictional threshold. Further, she is a citizen of Virginia, and she brings suit against the Virginia Veterans Care Center, an arm of the Virginia Department of Veterans Services, and its employees. A suit against the state employees in their official capacity is treated as a suit against the state as the real party in interest. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985). That Plaintiff brings suit against an arm of the Virginia Department of Veterans Services raises another key issue, one which Defendants also raise in their briefing on this motion—sovereign immunity.

"The Eleventh Amendment bars suits in federal court by citizens against unconsenting states and state agencies." *Jemsek v. Rhyne*, 662 F. App'x 206, 210 (4th Cir. 2016) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). This immunity extends to state officers sued in their official capacities. *Id.* Eleventh Amendment Immunity extends even further "to state agencies and other government entities properly characterized as arms of the State." *In re South Carolina Dep't of Parks, Recreation and Tourism*, 103 F.4th 287, 291 (4th Cir. 2024) (quoting *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995).

"[S]overeign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th Cir. 2018).

The Virginia Veterans Care Center is part of the Virginia Department of Veterans Services and thus an arm of the Commonwealth of Virginia. Private suits against nonconsenting states are barred by sovereign immunity. *Alden v. Maine*, 527 U.S. 706, 713 (1999). However, sovereign immunity may be waived by the state or abrogated by the federal government. Plaintiff provides no specific federal cause of action, let alone one which would abrogate the sovereign immunity asserted by Defendants. Virginia, however, has passed the Virginia Tort Claims Act, which waives sovereign immunity for "damage to or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee while acting within the scope of his employment under circumstances where the Commonwealth or transportation district, if a private person, would be liable to the claimant for such damage, loss, injury or death." Va. Code Ann. § 8.01-195.3. However, the Virginia Tort Claims Act commits all causes of action brought under it exclusively to the Virginia courts. Va. Code Ann. § 8.01-195.4 Thus,

even if Plaintiff's claims arose under the Virginia Tort Claims Act, this Court would still lack the jurisdiction to hear it. *See Creed v. Virginia*, 596 F. Supp. 2d 930, 937 (E.D. Va. 2009). Therefore, I must dismiss this case for lack of subject-matter jurisdiction.[3]

### IV. Conclusion

For the reasons stated above, I **GRANT** Defendant's Motion to Dismiss.

An appropriate order shall follow.

Entered: September 12, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

---

[3] Having found this Court lacks subject-matter jurisdiction, I have no authority to adjudicate the claim on the merits. *See S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in subject matter jurisdiction . . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). Therefore, I do not address the motion to dismiss the Complaint under Rule 12(b)(6).

7